UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDI ZIELKE, an individual,

        Plaintiff,

                                          CASE NO.: 2:26-cv-893

vs.

DBQ OF NAPLES, LLC, a Florida
limited liability company, and
RIB CITY GROUP, LLC, a Florida
limited liability company,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brandi Zielke ("Plaintiff"), by and through undersigned counsel, sues Defendants, DBQ of Naples, LLC ("DBQ") and RIB CITY GROUP, LLC ("Rib City") (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is an action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. 12111 et. seq. ("ADA"),  and the Florida Civil Rights Act, Florida Statute §760 et seq. ("FCRA"), to recover damages and other relief for unlawful FMLA interference and retaliation, and unlawful disability discrimination and retaliation, committed by Defendants against Plaintiff.

## JURISDICTION AND VENUE

2.      Jurisdiction over the federal claims is based on 28 U.S.C. § 1331 (federal question jurisdiction). This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4.      At all times pertinent, Defendant Rib City was and remains a Florida limited liability company, transacting business in Collier County, Florida. Defendant Rib City owns and operates several barbecue restaurants throughout Florida, including within Collier County and Lee County, Florida.

5.      Defendant Rib City employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year and has in excess of fifty (50) employees within seventy-five (75) miles of where Plaintiff worked.

6.      At all times pertinent, Defendant DBQ was and remains a Florida limited liability company, domiciled and transacting business in Collier County, Florida.

7.      Defendant DBQ employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year and has in excess of fifty (50) employees within seventy-five (75) miles of where Plaintiff worked.

8. Even if Defendant DBQ did not directly employ fifty (50) or more employees, it was a joint employer of Plaintiff with Defendant Rib City.

9. Defendant DBQ issued Plaintiff's wages and paychecks during her employment.

10. Defendant Rib City provided or administered Plaintiff's health-insurance coverage through Rib City Group, LLC.

11. Defendants utilize the same business mailing address, 6830 Shoppes at Plantation, Fort Myers, Florida 33912.

12. During her employment with Defendants, Plaintiff worked at a Rib City branded restaurant, and the work she performed directly benefited both DBQ and Rib City.

13. Defendants shared or coordinated management, administrative, payroll, human resources, and benefits functions relating to Plaintiff's employment.

14. Defendants had interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

15. Defendants shared employees who performed work for both companies.

16. Defendants jointly controlled the terms and conditions of Plaintiff's employment, including scheduling, leave, discipline, benefits, and termination.

17. Defendant Rib City exercised control over employees of Defendant DBQ, including Plaintiff, and employees of DBQ worked under Rib City's supervision and authority. When including these employees, Defendant DBQ had in the aggregate

of fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked.

18.   Because Defendants operated as a single employer, the employee count of both companies must be aggregated, thereby satisfying the FMLA's 50-employee threshold for employer coverage.

19.   At all times pertinent, Plaintiff worked for Defendants in Collier County, Florida.

20.   Defendant Rib City is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

21.   Defendant DBQ is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

22.   Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

23.   Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

<u>**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**</u>

24.   On or about December 10, 2025, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR"), against Defendant DBQ for discrimination based on disability and retaliation.

25.    On or about December 29, 2025, the EEOC issued a Determination and Notice of Rights.

26.    All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

**GENERAL ALLEGATIONS**

27.    Defendants employed Plaintiff as a server for nearly nineteen (19) years until the termination of her employment on or about March 21, 2025.

28.    In November 2022, Plaintiff was diagnosed with breast cancer and underwent a mastectomy, followed by chemotherapy beginning in or around January 2023 and radiation treatment in or around June 2023.

29.    Plaintiff's breast cancer, treatment, recovery, and related medical history constituted a serious health condition under the FMLA and an actual disability, record of disability, and/or condition for which she was regarded as disabled under the ADA and FCRA.

30.    Plaintiff timely informed management, including her store manager and district manager, about her diagnosis, treatment, and need for time away from work. Defendants assured Plaintiff she would be accommodated, and they would work with her and support her through her treatment and recovery.

31.    At all times material, Plaintiff was well qualified for her position, could perform all of the essential functions of her position with or without reasonable accommodation, and performed her job duties in a satisfactory manner.

32.    Despite knowing of Plaintiff's condition and treatment needs, Defendants failed to apprise Plaintiff of her rights under the FMLA and failed to provide and otherwise denied Plaintiff reasonable accommodations and otherwise failed to engage in the interactive process, despite her clear eligibility and qualifying medical condition.

33.    During chemotherapy, Plaintiff intermittently missed work for treatment and recovery, then returned to work as directed. Each time she returned, she confirmed that her employment remained secure and was told it was.

34.    After radiation treatment in mid-2023, Plaintiff attempted to return to work full-time but was told by her manager she could only return on a part-time basis, which would disqualify her from continued insurance coverage. Only after escalating the issue to the district manager was she restored to full-time status.

35.    In March 2025, Plaintiff developed double pneumonia and texted her manager on March 10, 2025, to report that she was seriously ill and unable to work due to a 103.6°F fever.

36.    Plaintiff was subsequently hospitalized, prescribed antibiotics, and remained out of work for approximately four (4) days due to her serious health condition and follow-up care.

37.    Plaintiff's March 2025 absence qualified for protected leave under the FMLA and also constituted a request for medical leave and accommodation relating to her disability and/or record of disability.

38.     Upon Plaintiff's return to work on, Defendants informed her that her employment was being terminated on March 21, 2025, purportedly because of a "third negative secret shopper" score.

39.     Defendants' stated reason for terminating Plaintiff was false and pretextual. Plaintiff was terminated within days of returning from protected medical leave and accommodation-related absences, and the stated reason did not align with any prior disciplinary action or performance trend.

40.     Defendant's failures to inform Plaintiff of her FMLA rights, refusal to designate her leave appropriately, and termination after protected absences constitute violations of the FMLA.

41.     As a result of Plaintiff's serious health condition and disabilities, Defendant applied the terms and conditions of employment differently for Plaintiff than for other similarly situated, non-disabled employees.

### COUNT I
### FMLA Interference
### (All Defendants)

42.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

43.     Plaintiff was eligible for FMLA leave and had a serious health condition entitling her to leave under the FMLA.

44.     Plaintiff was entitled to take FMLA leave.

45.     Defendants interfered with Plaintiff's rights under the FMLA by failing to apprise Plaintiff of her FMLA eligibility and rights.

46.     Defendants interfered with Plaintiff's FMLA rights by failing to provide required FMLA notices and paperwork and by failing to designate Plaintiff's qualifying absences as FMLA leave.

47.     Defendants failed to issue Plaintiff an eligibility notice.

48.     Defendants failed to issue Plaintiff a rights and responsibilities notice.

49.     Defendants failed to offer or provide Plaintiff with FMLA, to which Plaintiff was clearly entitled.

50.     Defendants interfered with Plaintiff's FMLA rights by counting Plaintiff's protected medical absences against her and by failing to restore Plaintiff to her position following protected leave.

51.     Defendants interfered with Plaintiff's rights under the FMLA by terminating Plaintiff shortly after her return from a qualifying medical absence.

52.     Defendants' actions interfered with, restrained, and denied Plaintiff's exercise of or attempt to exercise FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

53.     Defendants interfered with Plaintiff's right to FMLA leave and reinstatement.

54.     As a result of Defendants' unlawful interference, Plaintiff has suffered loss of employment, pay, and benefits.

55.     Defendants' violations were knowing and willful.

WHEREFORE, Plaintiff, Brandi Zielke, demands judgment for damages against Defendants, DBQ of Naples, LLC and Rib City Group, LLC, for back pay,

front pay, lost past and future employment benefits, liquidated damages, reasonable attorneys' fees and costs, and any other relief the Court deems just and appropriate.

## COUNT II
### FMLA Retaliation
### (All Defendants)

56.     Plaintiff re-alleges and incorporates Paragraphs 1 through 40 as if set forth fully herein.

57.     Plaintiff engaged in a statutorily protected activity when she requested FMLA leave from work from Defendants due to her serious health condition.

58.     Plaintiff was retaliated against for the above statutorily protected activity.

59.     Plaintiff suffered an adverse employment action when she was precluded from taking FMLA leave and when she was wrongfully disciplined and terminated by Defendants following her statutorily protected activity.

60.     Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

61.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered loss of employment, pay, and benefits.

62.     Defendants' violations were knowing and willful.

WHEREFORE, Plaintiff, Brandi Zielke, demands judgment for damages against Defendants, DBQ of Naples, LLC and Rib City Group, LLC, for back pay, front pay, lost past and future employment benefits, liquidated damages, reasonable attorneys' fees and costs, and any other relief the Court deems just and appropriate.

## COUNT III
### Discrimination Under the ADA
### (DBQ of Naples, LLC)

63.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if set forth fully herein.

64.     On or about March 21, 2025, in violation of the ADA, Defendant DBQ terminated Plaintiff because of her disability.

65.     Plaintiff was a qualified individual with a disability as identified by the ADA due to her serious medical condition which substantially limited one or more major life activities. Plaintiff had: (a) one or more disabilities, i.e. a physical or mental impairment that substantially limited one or more of the major life activities of Plaintiff; (b) a record of such impairment; or (c) was regarded as having such an impairment.

66.     In spite of her disability, Plaintiff was able to perform all of the essential functions of her job.

67.     Plaintiff's termination was motivated by the intent of Defendant DBQ to discriminate against Plaintiff on the basis of her disability.

68.     In terminating Plaintiff's employment based on her disability, Defendant DBQ violated the ADA, which makes it unlawful for an employer to discharge or otherwise to discriminate against a qualified individual with a disability, with respect to compensation, terms, conditions, or privileges of employment because of such individual's disability.

69.    Defendant DBQ conducted unlawful employment practices against Plaintiff because of her disability in violation of the ADA by terminating her employment.

70.    In terminating Plaintiff, Defendant DBQ engaged in a discriminatory practice with malice and reckless indifference to the statutorily protected rights of Plaintiff.    Defendant DBQ committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and a conscious disregard of Plaintiff's protected rights. The acts committed against Plaintiff were carried out by managerial employees of Defendant DBQ acting in a deceptive, deliberate, cold, callous, and intentional manner and in order to injure and damage Plaintiff.

71.    Proximately and directly as a result of Defendant DBQ discriminating against Plaintiff on account of her disability, Plaintiff has suffered damages consisting of past and future pecuniary losses, severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, humiliation, and other non-pecuniary losses and intangible injuries.

72.    The conduct of Defendant DBQ complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant DBQ, for which Defendant DBQ is liable to Plaintiff.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)     An order requiring Defendant DBQ to reinstate Plaintiff, effective March 21, 2025, requiring that all Defendant DBQ's company records be corrected to reflect no break in service in Plaintiff's employment with Defendant DBQ, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)     An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)     An award for expenses incurred by Plaintiff in her job search, all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)     Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

(e)     An award of punitive damages;

(f)     An award of reasonable attorney's fees and all costs incurred herein; and

(g)     Such other and further relief as the Court deems proper.

**COUNT IV**
**Discrimination Under the ADA – Failure to Provide Reasonable Accommodations**
**(DBQ of Naples, LLC)**

73.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if set forth fully herein.

74.     In or about March 2025, in violation of the ADA, Defendant DBQ failed to provide and otherwise denied Plaintiff reasonable accommodations and otherwise failed to engage in the interactive process because of her disability.

75.     Plaintiff was a qualified individual with a disability as identified by the ADA due to her serious medical condition, substantially limiting one or more major life activities. Plaintiff had: (a) one or more disabilities, i.e. a physical or mental impairment that substantially limited one or more of the major life activities of Plaintiff; (b) a record of such impairment; or (c) was regarded as having such an impairment.

76.     In spite of her disability, Plaintiff was able to perform all of the essential functions of her job.

77.     Defendant DBQ's failure to provide and otherwise deny Plaintiff reasonable accommodations was motivated by the intent of Defendant DBQ to discriminate against Plaintiff on the basis of disability.

78.     In failing to provide Plaintiff reasonable accommodations, and otherwise denying Plaintiff reasonable accommodations, based on her disability, Defendant DBQ violated the ADA, which makes it unlawful for an employer to discharge or otherwise to discriminate against a qualified individual with a disability, with respect

to compensation, terms and conditions, or privileges of employment because of such individual's disability.

79.     Defendant DBQ conducted unlawful employment practices against Plaintiff because of her disability in violation of the ADA by failing to provide and otherwise denying Plaintiff reasonable accommodations.

80.     In failing to provide and otherwise denying Plaintiff reasonable accommodations, Defendant DBQ engaged in a discriminatory practice with malice and reckless indifference to the statutorily protected rights of Plaintiff. Defendant DBQ committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and a conscious disregard of Plaintiff's protected rights.  The acts committed against Plaintiff were carried out by managerial employees of Defendant DBQ acting in a deceptive, deliberate, cold, callous, and intentional manner and in order to injure and damage Plaintiff.

81.     Proximately and directly as a result of Defendant DBQ discriminating against Plaintiff on account of her disability, Plaintiff has suffered damages consisting of past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, humiliation, and other non-pecuniary losses and intangible injuries.

82.     The conduct of Defendant DBQ complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious

indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant DBQ, for which Defendant DBQ is liable to Plaintiff.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)     An order requiring Defendant to reinstate Plaintiff, effective March 21, 2025, requiring that all Defendant DBQ's company records be corrected to reflect no break in service in Plaintiff's employment with Defendant DBQ, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)     An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)     An award for expenses incurred by Plaintiff in her job search, all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)     Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

(e)     An award of punitive damages;

(f)     An award of reasonable attorney's fees and all costs incurred herein; and

(g)     Such other and further relief as the Court deems proper.

## COUNT V
### Retaliation Under the ADA
### (DBQ of Naples, LLC)

83.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if set forth fully herein.

84.     Plaintiff engaged in a statutorily protected activity under the ADA when she requested the reasonable accommodation of medical leave for her disability ("Protected Activity").

85.     Defendant DBQ retaliated against Plaintiff for her Protected Activity by terminating her employment.

86.     Plaintiff suffered an adverse employment action when Defendant DBQ terminated her employment.

87.     Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

88.     Plaintiff has suffered financial damages as a result of the retaliation.

89.     Defendant DBQ's violations were knowing and willful.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)     Entry of a judgment in favor of Plaintiff and against Defendant DBQ;

(b)     Back pay;

(c)     Reinstatement, or in the alternative, front pay;

(d)     Compensatory damages;

(e)     Punitive damages;

(f)     Attorneys' fees and costs;

(g)     Pre-Judgment and Post-Judgment interest, as provided by law; and

(h)     Such other and further relief as the Court deems just and proper.

## COUNT VI
## Discrimination Under the FCRA
## (DBQ of Naples, LLC)

90.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if set forth fully herein.

91.     Plaintiff's disability, perceived disability, and/or record of disability was a determining factor in the adverse employment actions Defendant DBQ perpetrated against Plaintiff as described above.

92.     Defendant DBQ discriminated against Plaintiff on the basis of her disability, perceived disability, and/or record of disability, in violation of the FCRA.

93.     Defendant DBQ terminated Plaintiff because of her disability, perceived disability, and/or record of disability.

94.     Proximately and directly as a result of the foregoing violations, Plaintiff has suffered damages, including lost wages, emotional distress, and loss of enjoyment of life.

95.     The conduct of Defendant DBQ complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages

in an amount sufficient to punish, penalize or deter Defendant DBQ, for which Defendant DBQ is liable to Plaintiff.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)     An order requiring Defendant DBQ to reinstate Plaintiff, effective March 21, 2025, requiring that all Defendant DBQ's company records be corrected to reflect no break in service in Plaintiff's employment with Defendant DBQ, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)     An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)     An award for expenses incurred by Plaintiff in her job search, all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)     Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

(e)     An award of punitive damages;

(f)     An award of reasonable attorney's fees and all costs incurred herein; and

(g)     Such other and further relief as the Court deems proper.

## COUNT VII
### Discrimination Under the FCRA – Failure to Provide Reasonable Accommodations
### (DBQ of Naples, LLC)

96.    Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if set forth fully herein.

97.    Plaintiff's disability was a determining factor in the adverse employment actions Defendant DBQ perpetrated against Plaintiff as described above.

98.    Defendant DBQ discriminated against Plaintiff on the basis of her disability, in violation of the FCRA.

99.    Defendant DBQ failed to provide and otherwise denied Plaintiff reasonable accommodations because of her disability.

100.    Defendant DBQ failed to engage in the interactive process with Plaintiff.

101.    Proximately and directly as a result of the foregoing violations, Plaintiff has suffered damages, including lost wages, emotional distress, and loss of enjoyment of life.

102.    The conduct of Defendant DBQ complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant DBQ, for which Defendant DBQ is liable to Plaintiff.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)    An order requiring Defendant DBQ to reinstate Plaintiff, effective March 21, 2025, requiring that all Defendant DBQ's company records be corrected to reflect no break in service in Plaintiff's employment with Defendant DBQ, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)    An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)    An award for expenses incurred by Plaintiff in her job search, all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)    Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

(e)    An award of punitive damages;

(f)    An award of reasonable attorney's fees and all costs incurred herein; and

(g)    Such other and further relief as the Court deems proper.

## COUNT VIII
### Retaliation Under The FCRA
### (DBQ of Naples, LLC)

103.    Plaintiff re-alleges and incorporates paragraphs 1 through 40 above as if

set forth fully herein.

104.    Plaintiff asserted protected rights under the FCRA when she requested reasonable accommodations ("Protected Activity").

105.    Plaintiff's Protected Activity was a determining factor in the adverse employment actions Defendant DBQ perpetrated against Plaintiff as described above.

106.    Defendant DBQ retaliated against Plaintiff for her Protected Activity by terminating her employment.

107.    Defendant DBQ knowingly and willfully retaliated against Plaintiff for her Protected Activity by terminating Plaintiff's employment.

108.    As a direct, natural, proximate, and foreseeable result of Defendant DBQ's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which she should be compensated.

109.    The conduct of Defendant DBQ complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant DBQ, for which Defendant DBQ is liable to Plaintiff.

WHEREFORE, Plaintiff, Brandi Zielke, prays for judgment against Defendant, DBQ of Naples, LLC, for all damages to which she may be entitled, including, but not limited to:

(a)    Entry of a judgment in favor of Plaintiff and against Defendant DBQ;

(b)    Back pay;

(c)    Reinstatement, or in the alternative, front pay;

(d)    Compensatory damages;

(e)    Punitive damages;

(f)    Attorneys' fees and costs;

(g)    Pre-Judgment and Post-Judgment interest, as provided by law; and

(h)    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

> *s/ Morgan B. Jones*
> Bradley P. Rothman, Esq.
> Florida Bar No.: 0677345
> brothman@weldonrothman.com
> mfalcone@weldonrothman.com
> Morgan B. Jones, Esq.
> Florida Bar No.: 1035318
> mjones@weldonrothman.com
> mfalcone@weldonrothman.com
> WELDON & ROTHMAN, PL
> 2548 Northbrooke Plaza Drive
> Naples, Florida 34119
> Tel: (239) 262-2141
> Fax: (239) 262-2342
> *Counsel for Plaintiff*